■ In the Matter of DAVID SHELDON, Respondent, v B'NAI ISRAEL OF LINDEN HEIGHTS, Appellant. [819 NYS2d 284]—

In a proceeding pursuant to CPLR 5231 (f) to recover accrued installments under an income execution, B'nai Israel of Linden Heights appeals from a judgment of the Supreme Court, Kings County (Saitta, J.), dated July 29, 2005, which granted the petition and awarded the petitioner the principal sum of $3,538.55.

Ordered that the judgment is affirmed, with costs.

On November 8, 2002 the petitioner David Sheldon was awarded judgment against Gershon Tannenbaum (hereinafter the judgment debtor) in the United States District Court for the District of Kansas in the sum of $422,643.95 following a trial on the merits. The judgment was subsequently docketed in the Kings County Clerk's office.

The judgment debtor is employed as rabbi and spiritual leader of the appellant, B'nai Israel of Linden Heights, a synagogue in Brooklyn, and receives a annual salary of $16,000, paid in semi-monthly installments. On or about January 30, 2003 an income execution against the judgment debtor's salary was issued and delivered to the New York City Sheriff, County of Kings pursuant to CPLR 5231 (b). Upon the judgment debtor's failure to pay the required installments, the income execution was served on the appellant, as the judgment debtor's employer, pursuant to CPLR 5231 (e). Following the appellant's failure to tender any payments pursuant to the income execution, the petitioner commenced this proceeding to recover accrued installments. The Supreme Court granted the petition. We affirm.

The judgment debtor's annual salary of $16,000 constitutes "money from any source" upon which an income execution may be issued pursuant to CPLR 5231 (b). Contrary to the appellant's contention, the only exemptions from application of the judgment debtor's salary to the satisfaction of the underlying money judgment are those set forth in CPLR 5205 (d) and 5231 (b). As the income execution in this case complied with the provisions of CPLR article 52, the Supreme Court properly granted the petition.

The parties' remaining contentions are without merit. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.